# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES E. ROSS,

    Plaintiff,

vs.

LANE COMMUNITY COLLEGE,

    Defendant.

Case No. 2:14-cv-00113-JAD-CWH

**ORDER**

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed January 22, 2014.

### I.   *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them and his request to proceed *in forma pauperis* will be granted.

### II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint. Federal courts are given the authority dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

**A.     Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff does not specifically allege a violation of the "the Constitution, laws, or treaties of the United States" and, therefore, the Court finds that there is no

1  jurisdiction based on a federal question.

2  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff is seeking a $13 million award. However, the complaint does not set forth the residency of either the plaintiff or the defendant. Consequently, the Court finds that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### C. Failure to State a Claim

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The court must accept as true all well-pled factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. To state a claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Id*.

Here, Plaintiff has not set forth any specific claims or facts. He simply declares that he is entitled to $13 million in damages because Lane Community College "attempted to have him arrested" prior to registration for classes. Because Plaintiff has not identified any claims he seeks to pursue or factual support for any claims, including the identity of those involved and the date upon which the alleged incident occurs, the complaint must be dismissed. The dismissal will be without prejudice to Plaintiff amending his complaint to include specific claims for relief and sufficient factual allegations to support his claims.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

1    **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff shall have until **Wednesday, February 26, 2014** to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order will result in a recommendation that this action be dismissed.

DATED: January 28, 2014

_____
C.W. Hoffman, Jr.
United States Magistrate Judge