# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES E. ROSS, ) | |
|       Plaintiff, ) | Case No. 2:14-cv-00113-JAD-CWH |
| vs. ) | **ORDER** |
| LANE COMMUNITY COLLEGE, ) | |
|       Defendant. ) | |

This matter is before the Court on Plaintiff's Motion for Recusal (#5), filed February 7, 2014.

Plaintiff has been authorized to proceed in this matter *in forma pauperis*. *See* Order (#2). Nevertheless, his initial complaint was dismissed without prejudice for failure to state a claim upon which relief can be granted. *Id*. Plaintiff filed his amended complaint on July 30, 2014. (#4). By way of the motion currently under consideration, Plaintiff seeks recusal based on the undersigned's prior experience as a college instructor and general counsel for the Clark County School District. Plaintiff alleges that this prior experience demonstrates a personal bias and prejudice requiring recusal.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)). There are two federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455. Under either statute the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Plaintiff cites section 455, but does not cite section 144. Nevertheless, the undersigned will consider the request under both statutory sections.

**B.     28 U.S.C. § 144**

Judicial integrity is imperative. *Stone v. Powell*, 428 U.S. 465 (1976). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The legal sufficiency of the motion is determined by the judge against whom recusal is sought. *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978). Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to "proceed no further" in the case. *Id*. (citations omitted). The affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding justiciable matter pending and must give support to the charge of a bent of mind that may prevent or impede impartiality or judgement." *Hussein v. University and Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted). The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Id*. (citation omitted).

Here, Plaintiff has not submitted the required affidavit of prejudice and, therefore, any request for recusal under section 144 is improper. *See United States v. Perry*, 1990 WL 43730 (D. Nev.) (the affidavit filed pursuant to section 144 must allege specific facts that fairly support the contention that the judge exhibits bias or prejudice that stems from an extrajudicial source). Further, the undersigned's prior experience as a college instructor and general counsel for the Clark County School District does not, standing alone, rise to the level of bias or prejudice against Plaintiff who is seeking to sue Lane Community College in Eugene, Oregon. The undersigned has never taught at Lane Community College and has never performed any legal work on Lane Community College's behalf.

**C.     28 U.S.C. § 455**

Section 455, unlike section 144, sets forth no procedural requirements. It is directed to the judge rather than the parties and is self-enforcing on the part of the judge who must recuse himself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned. *See United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In contrast, subsection (b) is narrower, requiring recusal only under specific, identifiable circumstances. 28 U.S.C. § 455(b)(1-5).[1]

Under either subsection, recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir .2008) (quotation omitted). The source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540 (1988). Unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal *Id*. at 541; *Pesnell*, 543 F.3d at 1044. Judicial rulings will only support a motion for recusal "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994). Although a judge must recuse himself from any proceeding in which any of the above-noted criteria apply, he must not recuse when the facts do not warrant recusal. There is an equally compelling obligation not to recuse where recusal in not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F.Supp.2d 1198, 1200–01 (E.D. Cal. 2010).

As with Plaintiff's claim under section 144, there is no factual basis to question the undersigned's impartiality in this case and recusal is not necessary. The undersigned has no connection to either party. The undersigned has never served as a lawyer in this matter or in any capacity for either Plaintiff or the proposed defendant. The undersigned has no financial interest in

---

[1] These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit.

this case and does not have a family member involved in the litigation. The undersigned has not, and will not, decide any matter in this litigation based on extrajudicial considerations and has no personal bias or prejudice concerning Plaintiff. That Plaintiff's initial complaint was dismissed without prejudice is not grounds for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal (#5) is **denied**

DATED: February 11, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge