# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES E. ROSS, | ) |
| Plaintiff, | ) Case No. 2:14-cv-00113-JAD-CWH |
| vs. | ) **ORDER** |
| LANE COMMUNITY COLLEGE, | ) |
| Defendant. | ) |

  This matter is before the Court on Plaintiff's Amended Complaint (#4), filed January 30, 2014, and Plaintiff's Request for Service (#7), filed February 7, 2014.

  Plaintiff was previously approved to proceed *in forma pauperis*. (#2). His complaint, however, was dismissed without prejudice for failure to state a claim upon which relief could be granted because Plaintiff failed to set forth specific claims or facts in support his request for $13 million in damages. Plaintiff was instructed to file an amended complaint to address the deficiencies. He filed his amended complaint on January 30, 2014. (#4). Because Plaintiff is proceeding *in forma pauperis*, the court must screen the amended complaint pursuant to 28 U.S.C. § 1915(e), which provides that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

  As noted in the initial screening order (#2), a properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Though Rule 8 does not

require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Generally, when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Simply stated, to survive "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 578.

Like the original complaint, Plaintiff's amended complaint is insufficient to state any claims for relief. Plaintiff has, again, failed to set forth specific facts or allegations to support jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. The amended complaint is a scant 5 sentences and indicates Plaintiff's desire to obtain his transcripts and $13 million dollars in damages from Lane Community College in Eugene, Oregon. Plaintiff claims that he was "a victim of harassment [] from the first day of registration [] until the last day of classes." There is no factual support for this conclusory allegation. He also claims that he was discriminated against. There is no factual support for this claim either. As before, Plaintiff has not specifically identified any claims or set forth factual support for any claims. The Court will grant Plaintiff another opportunity to amend his complaint to make specific claims and factual allegations.

Because the amended complaint is dismissed without prejudice, Plaintiff's request for service (#7) is also denied without prejudice. The Court will address service after Plaintiff files, if able, an amended complaint that sets forth specific claims and sufficient factual detail

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (#4) is **dismissed**

**without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff shall have until **Monday, March 10, 2014** to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order will result in a recommendation that this action be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Service (#7) is **denied without prejudice**.

DATED: February 11, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge