# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES E. ROSS,   )
      Plaintiff,   )   Case No. 2:14-cv-00113-JAD-CWH
         )
vs.   )   **ORDER**
         )
LANE COMMUNITY COLLEGE,   )
      Defendant.   )

This matter is before the Court on Plaintiff's Motion for Recusal (#18), filed February 26, 2014. Plaintiff requests the undersigned recuse himself in this matter based on an alleged personal bias.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)). Two federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455. The substantive test for bias or prejudice under either statute is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

    **1.**    **28 U.S.C. § 144**

Judicial integrity is imperative. *Stone v. Powell*, 428 U.S. 465 (1976). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The legal sufficiency of the motion is determined by the judge against whom recusal is sought. *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978). Only after the legal sufficiency of the

affidavit is determined does it become the duty of the judge to "proceed no further" in the case. *Id*. (citations omitted). The affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding justiciable matter pending and must give support to the charge of a bent of mind that may prevent or impede impartiality or judgement." *Hussein v. University and Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted). The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Id*. (citation omitted).

Plaintiff has not submitted the required affidavit of prejudice and, therefore, any request for recusal under section 144 is improper. *See United States v. Perry*, 1990 WL 43730 (D. Nev.) (the affidavit filed pursuant to section 144 must allege specific facts that fairly support the contention that the judge exhibits bias or prejudice that stems from an extrajudicial source).

**C.     28 U.S.C. § 455**

Section 455, unlike section 144, sets forth no procedural requirements. It is directed to the judge rather than the parties and is self-enforcing on the part of the judge who must recuse himself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *See United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In contrast, subsection (b) is narrower, requiring recusal only under specific, identifiable circumstances. 28 U.S.C. § 455(b)(1-5).[1]

Plaintiff alleges the undersigned should recuse himself based on bias. The source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540 (1988). Unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for

---

[1] These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit.

recusal *Id*. at 541; *Pesnell*, 543 F.3d at 1044.  Judicial rulings will only support a motion for recusal "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994).

A judge should not recuse out of an abundance of caution when the facts do not warrant recusal as there is an equally compelling obligation not to recuse where recusal innappropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F.Supp.2d 1198, 1200–01 (E.D. Cal. 2010).  As with Plaintiff's claim under section 144, there is no factual basis to question the undersigned's impartiality in this case and Plaintiff's allegations do not meet the standard for requiring recusal.  Plaintiff has identified no extrajudicial source of bias that warrants recusal.  The undersigned has no personal knowledge of the allegations.  The undersigned has not decided any of Plaintiff's motions based on extrajudicial considerations and has no personal bias or prejudice against Plaintiff.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The undersigned's orders throughout this case have been decided fairly and impartially after a thorough review.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal (#18) is **denied**.

DATED: February 28, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge