# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES E. ROSS,

    Plaintiff,

vs.

LANE COMMUNITY COLLEGE,

    Defendant.

Case No. 2:14-cv-00113-JAD-CWH

**ORDER**

This matter is before the Court on Plaintiff's Fourth Amended Complaint (#23), filed May 20, 2014.

Plaintiff's petition to proceed in this matter *in forma pauperis* was previously granted. (#2). His complaint, however, was dismissed without prejudice for failure to state a claim upon which relief could be granted. *Id*. The original complaint did not set forth any specific claims or facts, it simply declared that Plaintiff was entitled to $13 million in damages from Lane Community College, located in Eugene, Oregon, because the college attempted to have him arrested. Plaintiff was given until February 26, 2014 to file an amended complaint correcting the deficiencies in the original complaint. *Id*.

He filed his first amended complaint (#4) on January 30, 2014, just two days after his original complaint was dismissed without prejudice. His amended complaint was also denied without prejudice for failure to state a claim upon which relief could be granted. (#9). The Court noted that Plaintiff had failed to set forth specific facts and allegations to support jurisdiction under 28 U.S.C. §§ 1331, 1332. It further noted that the "scant" five sentence complaint was conclusory and unsupported by any factual allegations. Plaintiff was, again, given the opportunity to amend his complaint to correct the deficiencies. *Id*.

On February 12, 2014, Plaintiff filed his second amended complaint (#12) and, on

February 14, 2014, filed a third amended complaint (#13).  He filed his fourth amended complaint on May 19, 2014.  Generally, an amended complaint supersedes a prior complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once a plaintiff files an amended complaint, the original or superseded complaint no longer serves any function.  Therefore, in an amended complaint, as with an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The operative complaint in this matter is Plaintiff's fourth amended complaint.

**1.     Screening the Complaint**

Because Plaintiff is proceeding *in forma pauperis*, the court must screen the amended complaint pursuant to 28 U.S.C. § 1915(e), which provides that "the court shall dismiss the case at any time if the court determines" the action or appeal is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Normally, when a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action,

supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A. Personal Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff is seeking $13 million in damages from Lane Community College and its President. The complaint specifically alleges that Lane Community College is located in Eugene, Oregon and that the school president is a resident of Oregon. These are the only named defendants and each is acknowledged to be nonresidents of Nevada.[1]

The Court may exercise personal jurisdiction over a nonresident defendant if permitted by the state's long-arm statute and "if the exercise of that jurisdiction does not violate federal due process." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). In diversity cases, "a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). However, "federal law is controlling on the issue of due process under the United States Constitution." *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1286 n. 3 (9th Cir. 1977). Nevada's long-arm statute provides that a court may exercise personal jurisdiction over a defendant to the full extend permitted by due process. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002); *see also* NRS 14.065 ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the . . . Constitution of the United States."). Federal law is controlling on the issue of due process under the United States Constitution. *E.g.*, *Data Disc, Inc. v. Sys. Tech. Assoc. Inc.*, 557 F.2d 1280, 1286 n.3 (9th Cir. 1977). Thus, analysis of personal

---

[1] The complaint makes vague reference to the local Sheriff's office, which responded to a call from Lane Community College. It also references to "another agent" of the school. It is clear that both the Sheriff's office and the employee/agent of the college would also be residents of Oregon.

3

jurisdiction under Nevada's long-arm statute and the Constitution collapses and the Court considers only whether the exercise of jurisdiction comports with due process.

To satisfy federal due process standards, a nonresident defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). A federal court may exercise either specific or general jurisdiction over a defendant. *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 407, 414-15 (1984). To establish general jurisdiction a plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Glencore Grain*, 284 F.3d at 1124 (citations and quotations omitted). A nonresident defendant's contacts with the forum state may permit the exercise of specific jurisdiction if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Pebble Beach Co.*, 453 F.3d at 1155-56.

The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679; *Glencore Grain*, 284 F.3d at 1119 (when determining personal jurisdiction the court accepts as true any uncontroverted allegations in the complaint and resolves conflicts between the facts contained in the parties' evidence in the plaintiff's favor). All of the alleged events underlying Plaintiff's claim occurred in Oregon. Each of the named defendants is identified as a resident of Oregon. There is no allegation that any of the defendants has performed any act or transaction within Nevada or purposefully availed themselves of Nevada law or privileges. None of the claims result from activities undertaken by Defendants in Nevada. Exercise of personal jurisdiction over the defendants, none of whom is a resident of Nevada and none of whom has engaged in any identified activity in Nevada, is not reasonable. Defendants do not have the requisite minimum contacts with Nevada sufficient for this Court to exercise personal jurisdiction over them in deprivation of due process of law. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270

(9th Cir 1995).

### B. Venue

The Court may also *sua sponte* raise the issue of venue where the defendant has not yet filed a responsive pleading and the time to do so has not yet run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The following factors govern proper venue for an action: (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)-(3). If the matter does not adhere to any of the provisions of section 1391, it may be subject to transfer or dismissal under 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court has discretion in determining whether to dismiss or transfer an action. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Nevada is not the proper venue in this case. None of the Defendants reside or are located in Nevada as required under section 1391(b)(1). Plaintiff does not establish that a substantial part of the events underlying his claims occurred in Nevada as required under section 1391(b)(2). Indeed, all of the alleged events giving rise to Plaintiff's claims appear to have occurred in Oregon on the campus of Lane Community College. Finally, the claims do not invoke the venue provisions under section 1391(b)(3). All of the events occurred in Eugene, Oregon and all of the named Defendants reside in Oregon.

Having so concluded, the question becomes whether the claims should be dismissed or the action transferred to the District of Oregon. The interests of justice compel the undersigned to transfer this matter as opposed to recommending dismissal. The events underlying Plaintiff's claims, which appear to be brought under section 1983, are alleged to have occurred on around

the time period of September 2012. State law governs the statute of limitations period for section 1983 suits and closely related questions of tolling. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir 2009). Section 1983 claims are characterized as personal injury suits for statute of limitations purposes. *Id*. Oregon's statute of limitations for such suits is two years. *See* Or. Rev. Stat. § 12.110(1). Rather than create a potential statute of limitations issue through dismissal of the lawsuit, this matter should be transferred to the District of Oregon. Because an order transferring venue does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, n. 1 (S.D. Cal. 2013); *see also Corrinet v. Burke*, 2012 WL 1952658 *6 (D. Or.); *Schenker v. Murasky*, 1996 WL 650974 *1 (E.D.N.Y.); *Holmes v. TV-3*, 141 F.R.D. 697, 697 (W.D. La. 1991).

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this matter to the District of Oregon.

DATED: July 31, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge